UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIM NO. 3:12-cr-00106-VLB |
| JAMES BOWMAN | : | April 28, 2022 |

**DEFENDANT'S SUPERVISED RELEASE HEARING MEMORANDUM**

A final revocation hearing is scheduled in this matter on May 2, 2022, before Magistrate Judge Farrish. At that hearing, Mr. Bowman is prepared to admit to the charged violations, all of which allege Grade C violations, leading to a Guidelines range of 8 – 14 months.[1] At the scheduled hearing, Defendant will request that the Court order Mr. Bowman, who has spent the past two-and-a-half months in custody, to be released to the inpatient substance abuse treatment program at the APT Foundation in New Haven. Mr. Bowman acknowledges that a relapse into addiction substantially contributed to his violation behavior, and a treatment bed is presently available at APT for Mr. Bowman. That bed will be held open for him until Monday.

Defendant further proposes that the final disposition of this matter be held in abeyance to monitor Mr. Bowman's progress at the APT Foundation and his compliance with the conditions of supervised release.

---

[1] With respect to the allegation that Mr. Bowman committed a federal, state, or local offense, the violation report details a set of initial allegations, including that Mr. Bowman possessed a firearm. Mr. Bowman pled in state court under the *Alford* doctrine and does not agree with all of the allegations outlined in the violation report. Most important, Mr. Bowman denies possession of a firearm. No firearm was found in his vehicle upon a search, and his state court convictions do not include firearm possession. The violation report appropriately does not present these allegations as factually true.

At the end of April, 2021, James Bowman began a five-year supervised release term after nearly a decade of incarceration. He had spent the tail end of his time in BOP custody (including a period in a halfway house) under COVID-induced lockdown conditions, and he emerged into a world still deep in the throes of a pandemic. Like many inmates returning home after very long sentences, James struggled out of the gate. Lacking a GED or even basic identification, many paths towards productive employment were closed to him. (The process of obtaining valid government ID after returning from prison with no basic documents is an arduous and time-consuming one that has stymied more sophisticated citizens than Mr. Bowman.) Compounding the problem, addiction issues quickly arose as well.

With the help of Probation, James made early steps towards addressing these issues. He engaged in outpatient substance abuse treatment. He observed support court several times. As the violation report also shows, however, James became inconsistent in his follow-through on these programs.[2] And eventually the wheels came off the cart entirely. Rather than confront his growing addiction-issues head-on, James fell deeper into addiction and with it increasingly avoidant behavior.

James now recognizes that in turning away from the help available from Probation and instead towards addiction, he placed himself in the circumstances he now finds himself in. The past two-and-a-half months have given him ample time to reflect—and it has also helped break the cycle of drug use contributing to this violation. James is now prepared to re-set and to restart

---

[2] The violation report indicates that Mr. Bowman "was directed to observe Support Court and apply for entry." An essential aspect of Support Court is that it is a fully voluntary program. While a person on supervised release may be instructed to observe support court sessions, no person may be ordered to participate in the program. Mr. Bowman's decision not to enter support court last year after observing twice was, appropriately, a decision that was his to make. And it remains a decision he may choose to make differently.

his transition back into the community. He recognizes that he needs help and treatment, and to that end he has successfully sought admission to inpatient treatment. Following completion of that program, James is interested in actually joining the Support Court program, a voluntary yearlong commitment to sober living and rehabilitative change. Support Court is a wonderful program for participants who have achieved baseline stability and sobriety and are looking to build upon that for long-term success. James previously did not have that foundation in place—but he is now willing to begin building it. The Court should now encourage him to do exactly that.

In so doing, the Court need not relinquish the threat of future sanctions if Mr. Bowman fails to follow through with treatment and rehabilitation. Mr. Bowman has many years of supervision ahead of him. And keeping the violation matter open can serve as an ongoing reminder to Mr. Bowman that he faces potential sanctions, beyond the two-and-a-half months he has already served, as a result of his prior conduct. This Damoclean sword would hang alongside the 22-month fully suspended sentence that the state has imposed.

                                                                Respectfully submitted,

                                                                 THE DEFENDANT,
                                                                 James Bowman

                                                                OFFICE OF THE FEDERAL DEFENDER

Dated: April 28, 2022                     /s/ James P. Maguire
                                                                James P. Maguire
                                                                Assistant Federal Defender
                                                                265 Church Street, Suite 702
                                                                New Haven, CT 06510
                                                                Phone: (203) 498-4200
                                                                Bar No.: ct29355
                                                                Email: James_Maguire@fd.org

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on April 28, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                  /s/ James Maguire
                                  James Maguire